



## MEMORANDUM OPINION

No. 04-10-00699-CR

Charles Daren **MIEARS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. A0690
Honorable N. Keith Williams, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  September 7, 2011

MOTION TO WITHDRAW GRANTED; AFFIRMED

Charles Daren Miears pled guilty to delivery of more than one but less than four grams of

methamphetamine in a drug free zone and pled true to being a habitual offender in exchange for

the State's recommendation that adjudication be deferred.  Pursuant to the plea agreement, the

trial court deferred adjudication and placed Miears on community supervision for a period of ten

years.   The State later filed a motion to adjudicate guilt, alleging Miears violated various

conditions of his community supervision.  Miears pled true to the allegations.  The trial court adjudicated Miears guilty and sentenced him to forty years in prison.

Miears's court-appointed appellate attorney filed a motion to withdraw and a brief in which he raises no arguable points of error and concludes this appeal is frivolous and without merit.  The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).  Miears was provided a copy of the brief and motion to withdraw and was informed of his right to review the record and file his own brief.  He has not done so.

After reviewing the record and counsel's brief, we find no reversible error and agree with counsel the appeal is wholly frivolous.  *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).  We therefore grant the motion to withdraw and affirm the trial court's judgment.  *See id.*; *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.–San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.–San Antonio 1996, no pet.).

No substitute counsel will be appointed.  Should Miears wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days after either this opinion is rendered or the last timely motion for rehearing or motion for en banc reconsideration is overruled by this court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals.  *See id.* R. 68.3.  Any petition for discretionary review must comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure.  *See id.* R. 68.4.

Steven C. Hilbig, Justice

DO NOT PUBLISH